
Brandt L. Wolkin, Esq. SBN 112220
Catharine M. Tolson, Esq. SBN 271223
WOLKIN · CURRAN, LLP
111 Maiden Lane, Sixth Floor
San Francisco, California 94108
Telephone:    (415) 982-9390
Facsimile:     (415) 982-4328
bwolkin@wolkincurran.com
ctolson@wolkincurran.com

Attorneys for GEMINI INSURANCE COMPANY

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GEMINI INSURANCE COMPANY, a Delaware corporation,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>ALLIED WORLD INSURANCE COMPANY, an Iowa corporation, and DOES 1-10,<br><br>　　　　　Defendants. | Case No.<br><br>**GEMINI INSURANCE COMPANY'S COMPLAINT FOR EQUITABLE CONTRIBUTION AND DECLARATORY RELIEF** |

COMES NOW, PLAINTIFF GEMINI INSURANCE COMPANY ("Gemini" and/or "Plaintiff"), and alleges as follows:

**INTRODUCTION**

1.　　Plaintiff Gemini is an insurance company that has been providing Webcor Construction, LP dba Webcor Builders ("Webcor"), with a defense to the claims asserted against it in an underlying personal injury action brought by Raul Carrasco styled *Carrasco v. Webcor Construction, LP, et al.,* pending in the Superior Court of California, County of Alameda, Case No. RG18899264 (the "Underlying Action").  Mr. Carrasco alleges that Webcor acted as the general contractor for a construction project known as the Moscone

1

1. Center Expansion, located at 747 Howard Street in San Francisco, California. Webcor subcontracted with Silverado Contractors, Inc. ("Silverado") to perform demolition and abatement services at the Project. Mr. Raul Carrasco was working at the Project when he was injured by a falling concrete slab.

2. Gemini has been providing a defense to Webcor in the Underlying Action under Gemini Commercial General Liability Policy No. VCWP001327, effective November 17, 2014 through September 7, 2018 (the "Gemini Policy").

3. Gemini is informed and believes, and thereon alleges, that ALLIED WORLD INSURANCE COMPANY ("Allied") issued policies of insurance to its named insured, Silverado, under which Webcor is an additional insured.

4. Webcor tendered its defense to Allied on June 7, 2018. However, Allied has failed and refused to respond to the tender or participate in the defense or indemnity of Webcor. As a result, Gemini has borne a disproportionate share of costs and expenses incurred in connection with the defense.

**JURISDICTION AND VENUE**

5. This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. § 1332(a)(1), in that the matter in controversy is between citizens of different states, the amount in controversy and the recovery sought by Gemini is in excess of the sum of $75,000, exclusive of interest and costs.

6. Pursuant to 28 U.S.C. § 1391, venue is appropriate in the Northern District of California because jurisdiction is founded upon diversity of citizenship, the insurance policies at issue were issued by companies doing business in the Northern District of California and the Underlying Action giving rise to the dispute is pending in the Alameda Superior Court, which is located in the Northern District of California.

**INTRADISTRICT ASSIGNMENT**

7. Pursuant to Local Rule 3-2, venue is appropriate in the San Francisco Division because the events upon which the Underlying Action is based occurred in the City

///

2
COMPLAINT FOR EQUITABLE CONTRIBUTION & DECLARATORY RELIEF                    CASE NO.

and County of San Francisco, and the claims asserted herein are related to the Underlying Action.

**THE PARTIES**

8. At all times herein relevant, Plaintiff Gemini was and is an insurance company organized and existing under the laws of the State of Delaware, with its principal place of business in Arizona, and authorized to do business in the State of California as a surplus lines insurer. The policy of insurance issued by Gemini under which it herein seeks reimbursement was issued in the State of California.

9. At all times herein relevant, defendant Allied was and is a corporation organized and existing under the laws of the State of Iowa, with its principal place of business in Des Moines, Iowa, and authorized to do business in the State of California as an insurance company. The policy of insurance issued by Allied under which Gemini seeks reimbursement was issued in the State of California.

10. There may be other persons or entities which could or should be defendants in this action, and which may owe Gemini obligations, contribution or other relief in the nature of that set forth in the below Prayer for Relief. The names and capacities, whether individual, corporate or otherwise, of Defendants Does 1-10 are unknown to Gemini at this time, and Gemini therefore sues the Doe Defendants, and each of them, by said fictitious names, and will request leave of Court to amend this Complaint to include the names and capacities of such defendants, as well as specific allegations regarding the obligations, acts and/or omissions of such defendants, if and as such information becomes known to Gemini.

11. Gemini is informed and believes and, based thereon, alleges that Defendants, and each of them, are in some manner legally responsible to Gemini for the acts, omissions, and damages set forth in this Complaint.

**PREFATORY COMMENT:**

12. Gemini seeks: (1) a judicial finding and declaration from this Court that Allied and Doe Defendants have a duty to defend and indemnify Webcor with respect to the Underlying Action; and (2) an order requiring Allied and Doe Defendants to reimburse

COMPLAINT FOR EQUITABLE CONTRIBUTION & DECLARATORY RELIEF                                      CASE NO.

Gemini for that portion of the sums paid by it in connection with such defense and indemnity that should have been borne by Defendants.

**THE UNDERLYING CLAIM AND ALLEGATIONS**

13. The Underlying Action is a personal injury action arising out of a major construction project known as the Moscone Center Expansion, located at 747 Howard Street in San Francisco, California (the "Project") wherein Webcor was the general contractor.

14. Webcor subcontracted with Silverado to perform demolition and abatement work at the Project. The Subcontract entered into between Webcor and Silverado contained the following insurance requirements:

> "16.1.2  General Liability Insurance.  Subcontractor shall carry Comprehensive General Liability or Commercial General Liability insurance, provided on the ISO CGL Form No. CG 00 01 1001 or equivalent, covering all operations by or on behalf of Subcontractor providing insurance for bodily injury liability and property damage liability of the limits of liability indicated below and including coverage for:
>
> (a) premises and operations;
>
> (b) products and completed operations maintained for a period of ten (10) years following completion of construction or the applicable statutory period for which Subcontractor is liable for its Work, whichever is greater;
>
> (c) contractual liability insuring the obligations assumed by Subcontractor in this Agreement; broad form property damage (including completed operations);
>
> (d) explosion, collapse and underground hazards;
>
> (e) personal injury liability (with deletion of the exclusion for liability assumed under contract); and,
>
> (f) independent contractors…"

15. Additionally, pursuant to section 16.1.2.4 of the subcontract, Webcor was required to be named as an additional insured on Silverado's CGL coverages as set forth below:

> "16.1.2.4  Additional Insured.  With respect to whichever General Liability policy form is furnished as required above, Contractor, its officers, directors and employees and the Owner shall be named as additional insureds. The policy shall be endorsed to stipulate that the insurance afforded the additional insureds shall apply as primary insurance and that any other insurance

maintained by Contractor or Owner shall be excess only and shall not be called upon to contribute with this insurance."

16. Gemini issued Commercial General Liability Policy No. VCWP001327, effective November 17, 2014 through September 7, 2018 (the "Gemini Wrap Policy"). The Gemini Wrap Policy is a Contractor Controlled Insurance Program ("CCIP") with Webcor Construction, LP as the first named insured. Additional insureds on the Gemini Wrap Policy are:

"Other Named Insured(s):

*The Project Owners, development manager, general contractor, prime contractors and subcontractors of every tier, for whom the First Named Insured has agreed by contract to furnish the insurance coverage provided under this policy, per the project.*

*The insurance carrier agrees not to refuse enrollment of a party who is not otherwise excluded from coverage by the policy if that action places any named insured in contractual default.*

*Excluded from this program are Architects, contract haulers or truckers (or those merely making deliveries or pickups from the project site); Vendors, suppliers (who do not perform or subcontract installation); material dealers; manufacturing representatives, equipment rental companies who perform equipment maintenance (does not apply to those who provide operators; Asbestos abatements, or other hazardous materials remediation; Contractors whose sole scope of work includes blasting.''*

17. Silverado was excluded from enrollment in the Gemini Wrap Policy by Webcor as Silverado's scope of work included demolition.

18. Gemini is informed and believes and based thereon alleges that Allied provided Commercial General Liability coverage to Silverado as a named insured under Policy No. 0309-8820, effective November 15, 2015 through November 15, 2016.

19. The Underlying Action was filed on April 2, 2018 by Plaintiff Carrasco against Webcor. Mr. Carrasco claims that on April 5, 2016, while he was performing work

at the Project as an employee of Silverado, a concrete slab fell on him, causing him great injury. Mr. Carrasco alleges that Webcor is responsible for the conditions that lead to his injuries, specifically by negligently inspecting, maintaining, installing, modifying, constructing, planning, controlling and supervising work at the worksite in such a way that made it unsafe for its intended use. Plaintiff Carrasco claims damages including personal injury, permanent disability, special and general damages, loss of earnings, loss of future earning capacity, loss of household services. Webcor filed a Cross-Complaint against Silverado in the Underlying Action.

20. Webcor tendered its defense in the Underlying Action to Gemini under the Gemini Wrap Policy. Gemini accepted Webcor's defense and appointed defense counsel.

21. On June 7, 2018, Webcor tendered its defense as an additional insured under Commercial General Liability policy number 0309-8820, effective November 15, 2015 through November 15, 2016, issued by Allied to its named insured, Silverado (the "Allied Policy"). The Allied Policy has a blanket additional insured endorsement on Form CG 20 10 07 04, providing that:

**"ADDITIONAL INSURED – OWNERS, LESSEES OR CONTRACTORS – SCHEDULED PERSON OR ORGANIZATION**

**THIS ENDORSEMENT CHANGES THE POLICY. PLEASE READ IT CAREFULLY.**

This endorsement modifies insurance provided under the following:

COMMERCIAL GENERAL LIABILITY COVERAGE PART

**SCHEDULE**

| Name Of Additional Insured Person(s) Or Organization(s): | Location(s) Of Covered Operations |
|---|---|
| Where Required by written contract. | |
| Information required to complete this Schedule, if not shown above, will be shown in the Declarations. | |

**A. Section II – Who Is An Insured** is amended to include as an additional insured the person(s) or organization(s) shown in the Schedule, but only with respect to liability for "bodily injury", "property damage" or "personal and advertising injury" caused, in whole or in part, by:

  **1.** Your acts or omissions; or
  **2.** The acts or omissions of those acting on your behalf; in the performance of your ongoing operations for the additional insured(s) at the location(s) designated above.

**B.** With respect to the insurance afforded to these additional insureds, the following additional exclusions apply:

This insurance does not apply to "bodily injury" or "property damage" occurring after:

  **1.** All work, including materials, parts or equipment furnished in connection with such work, on the project (other than service, maintenance or repairs) to be performed by or on behalf of the additional insured(s) at the location of the covered operations has been completed; or
  **2.** That portion of "your work" out of which the injury or damage arises has been put to its intended use by any person or organization other than another contractor or subcontractor engaged in performing operations for a principal as a part of the same project."

22.   The Allied Policy also contains endorsement GL 00030 00 (10/09), providing:

"**THIS ENDORSEMENT CHANGES THE POLICY. PLEASE READ IT CAREFULLY.**

**ADDITIONAL INSURED – WHERE REQUIRED UNDER CONTRACT OR AGREEMENT**

**(PRIMARY AND NON-CONTRIBUTORY WHERE REQUIRED UNDER CONTRACT)**

This endorsement modifies insurance provided under the following:

COMMERCIAL GENERAL LIABILITY COVERAGE PART

**Section II – Who Is An Insured** is amended to include any person or organization to whom you become obligated to include as an additional insured under this policy, as a result of any contract or agreement you enter into which requires you to furnish insurance to that person or organization of the type provided by this policy. However, the insurance provided will not exceed the lesser of:

  **a.**   The coverage and/or limits of this policy; or

  **b.**   The coverage and/or limits required by said contract or agreement.

Coverage afforded to these additional insured parties will be primary to, and non-contributory with, any other insurance available to that person or organization where required of you by written contract or agreement."

23. Allied has failed and refused to issue a formal coverage position in response to Webcor's tender for defense and indemnity. However, Gemini is informed and believes and based thereon alleges that Allied has informally taken the position that there is no duty to defend or indemnify Webcor in the Underlying Action due to the Allied Policy's Exclusion – Designated Ongoing Operations for work performed under a wrap-up program (the "Wrap Exclusion"). The Wrap Exclusion upon which Allied relies states the following:

"**EXCLUSION – DESIGNATED ONGOING OPERATIONS**

This endorsement modifies insurance provided under the following:

COMMERCIAL GENERAL LIABILITY COVERAGE PART

**SCHEDULE**

**Description of Designated Ongoing Operation(s):**

**Any work performed by or on behalf of you under any owner controlled insurance program (OCIP) or contractor controlled insurance program (CCIP), otherwise referred to as a wrap-up program that you may enter into.** (Emphasis in original)

**Specified Location (If Applicable):**

(If no entry appears above, information required to complete this endorsement will be shown in the Declarations as applicable to this endorsement.)

The following exclusion is added to paragraph **2.,** Exclusions of COVERAGE A – BODILY INJURY AND PROPERTY DAMAGE LIABILITY (Section **I** – Cover-ages):

This insurance does not apply to "bodily injury" or "property damage" arising out of the ongoing operations described in the Schedule of this endorsement, regardless of whether such operations are conducted by you or on your behalf or whether the operations are conducted for yourself or for others.

Unless a "location" is specified in the Schedule, this exclusion applies regardless of where such operations are conducted by you or on your behalf. If a specific "location" is designated in the Schedule of this endorsement, this exclusion applies only to the described ongoing operations conducted at that "location".

For the purpose of this endorsement, "location" means premises involving the same or connecting lots, or premises whose connection is interrupted only by a street, roadway, waterway or right-of-way of a railroad."

24. The Allied Policy's Wrap Exclusion requires that Silverado enroll and enter into the Gemini Wrap Policy "program" for the exclusion to apply. As Silverado was not enrolled, Allied's denial of Webcor's tender was wrongful.

25. As a result of Allied's wrongful refusal to defend or indemnify Webcor, Gemini has borne a disproportionate share of costs and expenses incurred in connection with Webcor's defense in the Underlying Action.

**FIRST CLAIM FOR RELIEF**

**(Declaratory Relief – Against Allied and Does 1-100)**

26. Gemini refers to the foregoing paragraphs 1 through 25, inclusive, and incorporates the same herein by this reference.

27. An actual and justiciable controversy exists between Gemini and Defendants in that Gemini contends, and Defendants deny, that a potential for coverage exists under Defendants' insurance policies for the claims asserted against Webcor in the Underlying Action, that Defendants had and have an obligation to participate in the defense and indemnification of the claims asserted against Webcor in the Underlying Action, that Defendants are obligated to reimburse Gemini for Defendants' equitable share of defense costs incurred by Gemini in connection with the defense and indemnification of Webcor in the Underlying Action, and that Defendants are obligated to participate with Gemini on an equitable basis in the ongoing and future defense and indemnification of Webcor in the Underlying Action.

28. Gemini seeks, and is entitled to obtain, a judicial determination that a potential for coverage exists under the policies of insurance issued by Defendants for the claims asserted against Webcor in the Underlying Action, that Defendants had and have an obligation to participate in the defense and indemnification of the claims asserted against Webcor in the Underlying Action, that Defendants are obligated to reimburse Gemini for Defendants' equitable share of defense and/or indemnify costs incurred by Gemini in connection with the defense or settlement of Webcor in the Underlying Action, and that

///

Defendants are obligated to participate with Gemini on an equitable basis in the ongoing and future defense and indemnification of Webcor in the Underlying Action.

## SECOND CLAIM FOR RELIEF

**(Equitable Contribution – Against Allied and Does 1-100)**

27. Gemini refers to the foregoing paragraphs 1 through 26, inclusive, and incorporates the same herein by this reference.

28. Gemini has incurred, and is continuing to incur, expenses in connection with providing Webcor a defense to the claims asserted against it in Underlying Action.

29. Defendants have an obligation under their policies to participate in the defense an indemnification of Webcor in the Underlying Action; however, they have failed and refused to participate in the defense, resulting in Gemini bearing a disproportionate share of the costs incurred in connection with such defense.

30. Based on the foregoing, Gemini seeks contribution from Defendants for its equitable share of the fees and costs Gemini has incurred, or will incur, toward the defense of Webcor, including interest upon all such amounts, as well as contribution toward any amounts incurred toward settlement of the Underlying Action, including interest on all such amounts.

## PRAYER FOR RELIEF

WHEREFORE, Gemini prays for judgment as follows:

1. For a judicial determination that a potential for coverage exists under Defendants' policies of insurance for the claims asserted against Webcor in the Underlying Action;

2. For a judicial determination that Defendants had and have an obligation to participate in the defense and indemnification of the claims asserted against Webcor in the Underlying Action;

///

///

///

3. For a judicial determination that Defendants are obligated to reimburse Gemini for Defendants' equitable share of defense costs and/or indemnity amounts incurred by Plaintiff in connection with the defense or settlement of Webcor in the Underlying Action;

4. For a judicial determination that Defendants are obligated to participate with Gemini on an equitable basis in the ongoing and future defense and indemnity of Webcor in the Underlying Action;

5. For contribution according to proof of amounts owed by Defendants for its equitable share of the costs incurred by Gemini in the defense or indemnification of Webcor in the Underlying Action;

6. For interest at the maximum rate allowed by law on all sums which Defendants were obligated to pay, but refused to pay, as their equitable share of the costs incurred by Gemini in the defense or indemnification of Webcor in the Underlying Action; and

7. For such other and further relief as this Court deems just and proper.

Dated:  12 May 2020                                       WOLKIN CURRAN, LLP


                                                          */s/ Brandt L. Wolkin*

                                              By: _____
                                                          Brandt L. Wolkin, Esq.
                                                          Catharine M. Tolson, Esq.

                                                          Counsel for plaintiff
                                                          GEMINI INSURANCE COMPANY